# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LORENNA MARIE DAVILA, o/b/o J.A.L., <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C15-4231-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Jon Stuart Scoles, then Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit

explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Davila applied for supplemental security income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on behalf of her minor son, J.A.L. She alleged disability due to ADHD, bipolar disorder and conduct disorder. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that J.A.L. was not disabled as defined in the Act. Davila argues the ALJ erred in determining that J.A.L. was not disabled for the following reasons:

(1) The ALJ failed to follow appropriate rules and guidelines in evaluating and weighing opinion evidence

(2) The ALJ failed to discuss or explain the correct criteria for Listings 112.04 and 112.011, and failed to discuss or explain any factual evaluation of the criteria of those listings.

*See* Doc. No. 13.

After reviewing the record, Judge Scoles found that the ALJ failed to: (1) properly evaluate the opinions of treating sources Dr. Idahosa and Paul Koson and (2) fully and fairly develop the record with regard to whether J.A.L. meets or equals Listings §§ 112.04 and 112.11. He recommends that the ALJ's decision be reversed and remanded with instructions to explain the weight given to the treating source opinions and fully develop the record as to the Listings. Doc. No. 17.

With regard to Dr. Idahosa, Judge Scoles first noted that Dr. Idahosa was J.A.L.'s treating psychiatrist. The ALJ gave Dr. Idahosa's opinion little weight. She reasoned it was not consistent with the treatment records, which stated that J.A.L. had done well on

4

medication and had GAF scores of 55 in October and November 2013.[1] Doc. No. 17 at 10-11 (citing Administrative Record at 21). Judge Scoles found this was insufficient based on the following reasons:

> First, Dr. Idahosa's opinions regarding J.A.L.'s mood disorders and ADHD are consistent with the opinions of Paul Koson, J.A.L.'s treating counselor. Second, the ALJ does not fully explain her reasons for finding Dr. Idahosa's opinions inconsistent with treatment records, or fully address the totality of Dr. Idahosa's treatment records. For example, while the ALJ notes J.A.L. did "well" with medication and twice had GAF scores of 55, the ALJ does not address Dr. Idahosa's finding that J.A.L.'s behavior gets progressively worse throughout the day and into the evening as J.A.L.'s medications wear off. Third, Dr. Idahosa's treatment notes are consistent in describing J.A.L.'s mood disorder symptoms with his treating source statement. Fourth, Dr. Idahosa met with J.A.L. monthly to check and adjust his medications so that he could function well at school.

Doc. No. 17 at 11 [footnotes omitted]. Judge Scoles concluded the ALJ failed to give "good reasons" for rejecting Dr. Idahosa's opinions and failed to fully and fairly develop the record with regard to those opinions. *Id.* at 12. He stated that on remand, the ALJ "should provide clear reasons for accepting or rejecting Dr. Idahosa's opinions and support her reasons with evidence from the record." *Id.*

As for Paul Koson, Judge Scoles noted that as a behavioral counselor, he is not considered an "acceptable medical source." Nonetheless, the ALJ was required to consider his opinion in making the disability determination and describe the weight given to it. The ALJ gave Koson's opinion little weight because it was "not consistent with the treatment records." Judge Scoles stated:

> Similar to the Court's discussion of Dr. Idahosa's opinions . . ., the ALJ does not fully explain her reasons for finding [Koson's] opinions inconsistent with treatment records. In fact, the ALJ gives no reasons for finding Koson's opinions inconsistent with treatment records. Contrary to the ALJ's conclusion, Koson's opinions are consistent with medical evidence in the record. For example, the symptoms articulated by Koson for J.A.L.'s mood disorders and ADHD are consistent with the findings of

---
[1] A GAF score of 55 is indicative of moderate, not marked, limitations.

a colleague who examined J.A.L. Moreover, Koson's opinions are consistent with Dr. Idahosa's findings.

Doc. No. 17 at 13 [footnotes omitted]. Thus, Judge Scoles found the ALJ failed to properly address Koson's opinions and fully and fairly develop the record with regard to those opinions. *Id*. He stated that on remand, the ALJ should provide clear reasons for accepting or rejecting Koson's opinions and support her reasons with evidence from the record.

Finally, Judge Scoles found the ALJ failed to properly consider and discuss whether J.A.L. met or equaled the Listings. Both Dr. Idahosa and Koson opined that J.A.L. met Listings §§ 112.04 and 112.11 for mood disorders and ADHD. The ALJ stated:

> Although the treating sources indicated the claimant met listing 112.04 and 112.11, this is not supported in a review of the evidence. The claimant does not have marked limitation of function as noted below.

Doc. No. 10-2 at 18. The Commissioner acknowledged that the ALJ "should have provided an express discussion of her finding that J.A.L. did not meet or medically equal either listing." Doc. No. 17 at 14 (citing Doc. No. 14 at 12). Judge Scoles determined that on remand, the ALJ should address Dr. Idahosa's and Koson's opinions that J.A.L. meets Listings §§ 112.04 and 112.11.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Scoles applied the appropriate legal standards for the evaluation of treating source opinions (whether acceptable medical sources or otherwise) and the ALJ's obligation to fully and fairly develop the record. He correctly found that the ALJ failed to fully explain the weight given to Dr. Idahosa's and Koson's opinions and also failed to fully develop the record as to whether J.A.L. meets or equals Listings §§ 112.04 and 112.11. I find

6

no error – clear or otherwise – in his recommendation. As such I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Scoles' R&R (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

   a. The Commissioner's determination that J.A.L. was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as discussed by Judge Scoles.

   b. Judgment shall enter in favor of Davila and against the Commissioner.

   c. If Davila wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 18th day of January, 2017.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE